# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ju Sung Chang, | : |
|     Plaintiff, | : |
| v. | :   Civil Case No.: |
| J. Mitton & Associates, Inc. d/b/a Intrepid International, and Equi-Tech LLC, | :   Jury Trial Demanded |
|     Defendants. | : |

## COMPLAINT

Ju Sung Chang, a citizen of Taiwan (Republic of China), by way of Complaint against J. Mitton & Associates, Inc., a Pennsylvania corporation doing business as Intrepid International, and Equi-Tech LLC, a Tennessee limited liability company, on knowledge, information, and belief, alleges as follows:

1. Ju Sung Chang is the sole inventor and owner of United States Patent 6,076,339 entitled "Protective Lining of Girth and the Like". This action seeks, *inter alia,* rescission of certain agreements purporting to assign right, title and interest in United States Patent 6,076,339 to defendants, a declaratory judgment that such agreements are void, and a declaratory judgment of non-infringement.

## Jurisdiction and Venue

2. This court has subject matter jurisdiction over this action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332, 1338, and 1367(a), and over the related state claims under the doctrine of supplemental jurisdiction.

3. The amount in controversy exceeds $75,000.

4. This court also has subject matter jurisdiction under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* and declaratory relief under 28 U.S.C. § 2201, 2202.

5. Venue is proper in this district under 28 U.S.C. § 1391.

## The Parties

6. Plaintiff Ju Sung Chang ("Chang") is a foreign citizen of Taiwan (Republic of China) residing at No. 100 Lane 290 Zhongzheng Road, Caotun Town, Nantou County, Taiwan, ROC.

7. Defendant J. Mitton & Associates, Inc. ("Intrepid") is a Pennsylvania corporation doing business as Intrepid International based on a Pennsylvania fictitious name registration and having a place of business at 116 King Court, New Holland, PA 17557.

8. Defendant Equi-Tech LLC ("Equi-Tech") is a Tennessee limited liability company having a place of business at 2204 Liberty Valley Road, Lewisburg, TN 37091. Equi-Tech sells products in the equine industry throughout the United States.

## Statement of Facts Common to All Counts

*Plaintiff's Products, Commercial Activities, and Ownership of U.S. Patent No. 6,076,339*

9. Chang is a citizen of Taiwan (Republic of China) who owns and operates Jone-Shou Industrial Co., Ltd. ("JS").

10. Chang founded JS in 1995 to manufacture, market, and export equestrian equipment and products throughout the world, including the United States, through various distributors. JS's products include, but are not limited to, saddles, saddle girths and cinches, harnesses, horse boots, bridles, and numerous associated goods.

11.     Through his commercial endeavors in the equestrian industry, Chang has developed a reputation for producing high-quality equipment and products, as well as for his company's worldwide reach and international relationships with dealers.

12.     In addition to and in furtherance of his manufacturing and sales activities, Chang's continual innovation in the equestrian industry has allowed him to attain patent protection for various inventions in the riding field for horse protective gear, saddle girths and cinches, protective pads and structures, hardware structure designs, and similar articles, in the United States, Taiwan (Republic of China), Germany, and the United Kingdom.  Chang owns issued patents and published patent applications in each of these countries for his inventions.

13.     On March 16, 1999, Chang filed United States Patent Application Serial No. 09/270,062 for a new type of protective lining for use with a saddle girth, a device that is used to attach a saddle to an equine by securing around the horse's torso.  The protective lining is meant to keep the saddle in place by reducing or eliminating slippage with an uneven, skid-proof surface, and to facilitate the horse's breathing through air holes included in the lining.

14.     United States Patent Application Serial No. 09/270,062 was granted and issued as United States Patent No. 6,076,339 ("the '339 Patent") on June 20, 2000 listing Chang as sole inventor.  A copy of the '339 Patent is attached as **Exhibit A**.

15.     Chang, as inventor, owns his invention.  The rights in the '339 Patent belong to the inventor, Chang.

16.     Chang, primarily through JS and its worldwide distributors, has been manufacturing, marketing, and exporting products under the '339 Patent since that time to date.

17.     Chang is not and has never been an employee of Intrepid or Equi-Tech.

*Defendants' Actions*

18. J. Mitton & Associates, Inc., doing business as Intrepid International (Intrepid), is also in the business of marketing and selling equestrian equipment and associated products in the United States.

19. On information and belief, James Mitton, the owner of Intrepid, was acquainted with the plaintiff, Chang. On or about March 10, 2011, Mr. Mitton approached Chang requesting permission and authorization to market and sell products covered by Chang's '339 Patent in the United States.

20. Chang understood this authorization to be in a licensing capacity that would not relinquish to Mr. Mitton or Intrepid any ownership rights in the '339 Patent. By Chang's understanding, Intrepid would only receive a license granting it the limited right to market and sell goods covered by Chang's '339 Patent in the United States, while Chang retained full ownership, title, and interest in the '339 Patent.

21. In no capacity did Chang intend to transfer any portion of the ownership, title, or interest in the '339 Patent to Mr. Mitton or Intrepid.

22. Intrepid did not offer or provide any compensation to Chang for the '339 Patent.

23. Mr. Mitton prepared an agreement for Chang to sign in order to formalize what Chang believed to be the license from Chang to Intrepid. A copy of the purported agreement ("2011 Agreement") is attached as **Exhibit B**. Intrepid recorded the agreement with the United States Patent and Trademark Office on March 18, 2011.

24. Unbeknownst to Chang, the Agreement purported to transfer all ownership, title, and interest in the '339 Patent from Chang to Intrepid by way of assignment. Contrary to

Chang's understanding of the arrangement between himself and Intrepid, the Agreement did not delineate terms for a license from Chang to Intrepid.

25. Intrepid did not clarify the terms of the Agreement with Chang, nor ascertained that Chang did not wish to assign his ownership, title, and interest in the '339 Patent to Intrepid.

26. Chang did not and has not received any compensation from Intrepid for the '339 Patent.

27. Chang had no reason to assign his '339 Patent for free, as he, through JS and its distributors, wishes to continue to operate in the equestrian equipment and products industry.

28. There was no meeting of the minds between Chang and Intrepid. The purported assignment is therefore void.

29. In reliance on his understanding that the executed Agreement generated a license instead of an assignment, Chang, through JS, continued to manufacture, market, and export products covered by the '339 Patent to its international distributors, including in the United States.

30. On information and belief, Intrepid knew of these ongoing commercial activities and failed to notify or object to Chang or JS based on its alleged ownership of the '339 Patent.

31. In his understanding that he still owns the '339 Patent, Chang proceeded to pay the maintenance fee to the United States Patent and Trademark Office for the '339 Patent on April 9, 2012.

32. Intrepid never objected to Chang's payment of the maintenance fee.

33. Unbeknownst to Chang, in or around August 2013, Intrepid executed an assignment of the '339 Patent to Equi-Tech LLC, purporting to transfer all ownership, title, and in the '339 Patent to Equi-Tech ("2013 Agreement").

34. Equi-Tech did not record the assignment with the United States Patent and Trademark Office until June 13, 2014.

35. On August 12, 2014, Equi-Tech filed a civil action in the United States District Court for the Middle District of Tennessee against JT International Distributors, Inc., one of JS's primary United States distributors, for patent infringement of the '339 Patent, captioned *Equi-Tech LLC v. JT Int'l Distributors, Inc.*, Civil Case No. 1:14-CV-00103 (the "Tennessee action").

36. It was not until Chang received notification of the Tennessee action from JT International Distributors, Inc., that he learned that others were claiming that Chang was no longer the record owner of the '339 Patent.

37. The Tennessee action was voluntarily dismissed by Equi-Tech on December 15, 2014.

38. Chang, by way of this Complaint, challenges the 2011 Agreement and 2013 Agreement prepared by Intrepid and/or Equi-Tech in the following Counts.

**Count I: Declaratory Judgment – Agreement is Void Due to Mistake**

39. The allegations set forth above, inclusive, are repeated and incorporated herein by reference.

40. The 2011 Agreement between Chang and Intrepid is void due the presence of mutual mistake in its formation in violation of Pennsylvania common law.

41. Chang did not intend to transfer any portion of his ownership, title, or interest in the '339 Patent to Intrepid, nor assign any part of the '339 Patent to Intrepid.

42. Chang believed the purpose of the 2011 Agreement to be the granting of license to Intrepid to use the '339 Patent in marketing and selling equestrian equipment and products covered by the '339 Patent.

43. On information and belief, Intrepid did not seek to acquire any portion of ownership, title, or interest in the '339 Patent from Chang, and did not realize it was acquiring ownership, title, and full interest in the '339 Patent from Chang.

44. On information and belief, Chang and Intrepid were mistaken as to the terms of the Agreement and did not recognize that such terms were not in accordance with the agreed-upon purpose of the contract between them.

45. Such mistake goes to the heart of the agreement, and enforcement of the agreement would be unconscionable.

46. Chang has sustained damages and irreparable harm to his business, reputation, and goodwill through Intrepid's activities, and unless the 2011 Agreement is declared void by this Court, Chang will continue to sustain irreparable harm to his business, reputation, and goodwill.

47. Chang has no adequate remedy at law.

48. Intrepid acted with knowledge and/or willfulness in contrast to Chang's rights.

49. Accordingly, Chang requests declaratory judgment that the 2011 Agreement between Chang and Intrepid be voided for mistake.

## **Count II: Declaratory Judgment – Agreement is Void Due to Misrepresentation or Nondisclosure**

50. The allegations set forth above, inclusive, are repeated and incorporated herein by reference.

51. The 2011 Agreement formed between Chang and Intrepid is void due to misrepresentation, nondisclosure, and/or Chang's unilateral mistake caused by Intrepid.

52. Chang did not intend to transfer any portion of his ownership, title, or interest in the '339 Patent to Intrepid, nor assign any part of the '339 Patent to Intrepid.

53. Chang believed the purpose of the Agreement to be the granting of license to Intrepid to use the '339 Patent in marketing and selling equestrian equipment and products covered by the Patent.

54. On information and belief, Intrepid prepared the Agreement that was executed between Chang and Intrepid.

55. On information and belief, as the party that drafted the Agreement, Intrepid knew or had reason to know that the Agreement contravened the purpose of the arrangement between the parties to form a license of the '339 Patent from Chang to Intrepid and instead purported to assign all ownership, title, and interest in the '339 Patent from Chang to Intrepid.

56. On information and belief, Intrepid purposefully failed to disclose to Chang the true nature, purpose, and effect of the Agreement.

57. On information and belief, Intrepid misrepresented to Chang that the Agreement created a license between the parties for use of the '339 Patent, when in fact the Agreement assigned all ownership, title, and interest in the '339 Patent to Intrepid.

58. The true nature, purpose, and effect of the Agreement is a material fact.

59. On information and belief, Intrepid knew or had reason to know that Chang was mistaken as to the true nature, purpose, and effect of the Agreement, and failed to correct Chang's mistake or to disclose the true nature, purpose, and effect of the Agreement to Chang.

60. On information and belief, Intrepid knew or had reason to know that it misrepresented and/or failed to disclosure a material fact to Chang about the true nature, purpose, and effect of the Agreement.

61. Chang justifiably relied on Intrepid's misrepresentation and/or nondisclosure as to the nature, purpose, and effect of the Agreement.

62. Chang has suffered a breach of such a fundamental and material nature that affects the very essence of the agreement and serves to defeat the object of the parties making rescission appropriate.

63. Chang has sustained damages and irreparable harm to his business, reputation, and goodwill through Intrepid's activities, and unless the Agreement is declared void by this Court, Chang will continue to sustain irreparable harm to his business, reputation, and goodwill.

64. Chang has no adequate remedy at law.

65. Intrepid acted with knowledge and/or willfulness in contrast to Chang's rights.

66. Accordingly, Chang requests declaratory judgment that the Agreement between Chang and Intrepid be voided for misrepresentation, nondisclosure, and/or unilateral mistake.

**Count III: Declaratory Judgment – Agreement is Void Due to Lack of Consideration**

67. The allegations set forth above, inclusive, are repeated and incorporated herein by reference.

68. The Agreement formed between Chang and Intrepid is void due to lack of consideration given by Intrepid in exchange for ownership, title, and interest in the '339 Patent.

69. Intrepid acquired full ownership, title, and interest in the '339 Patent from Chang without adequately compensating or offering Chang consideration.

70. Chang did not intend to transfer ownership, title, and interest in the '339 Patent to Intrepid for no consideration.

71. On information and belief, Intrepid's subsequent reliance on the Agreement to transfer the '339 Patent to Equi-Tech was not justifiable as it should have known or had reason

to know that it must offer adequate consideration to Chang for ownership, title, and interest of the '339 Patent.

72. Chang has sustained damages and irreparable harm to his business, reputation, and goodwill through Intrepid's activities, and unless the Agreements are declared void by this Court, Chang will continue to sustain irreparable harm to his business, reputation, and goodwill.

73. Chang has no adequate remedy at law.

74. Intrepid acted with knowledge and/or willfulness in contrast to Chang's rights.

75. Accordingly, Chang requests declaratory judgment that the Agreement between Chang and Intrepid be voided for lack of consideration.

## Count IV: Unjust Enrichment

76. The allegations set forth above, inclusive, are repeated and incorporated herein by reference.

77. Intrepid's unauthorized use and transfer of the '339 Patent to Equi-Tech has caused Intrepid to become unjustly enriched by unlawfully procuring property and business that Intrepid would not have otherwise obtained fairly on the open market.

78. Intrepid has been unjustly enriched at the expense of Chang because it acquired ownership, title, and interest in the '339 Patent contrary to the wishes and intentions of Chang as original owner and inventor of the '339 Patent.

79. Intrepid's acquisition and subsequent transfer of the '339 Patent is unjust since it is not authorized, approved, or sponsored by Chang and violates the common law of the Commonwealth of Pennsylvania as alleged herein.

80. Chang has sustained damages and irreparable harm to his business, reputation, and goodwill through Intrepid's activities, and unless the Agreements are declared void by this Court, Chang will continue to sustain irreparable harm to his business, reputation, and goodwill.

81. Chang has no adequate remedy at law.

82. Intrepid acted with knowledge and/or willfulness in contrast to Chang's rights.

### Count V: Declaratory Judgment of Non-Infringement of the '339 Patent

83. The allegations set forth above, inclusive, are repeated and incorporated herein by reference.

84. Because Mr. Chang is rightfully the inventor and owner of the invention claimed in the '339 Patent, sales by Mr. Chang or his distributors cannot infringe the '339 Patent.

85. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

86. A judicial declaration is necessary and appropriate so that Chang may ascertain his rights regarding the '339 Patent.

87. Accordingly, Chang requests declaratory judgment that he has not infringed any claim of the '339 Patent.

### PRAYER FOR RELIEF

Wherefore, Ju Sung Chang asks for the following relief, jointly and severally, against defendants as follows:

A. An order stating Chang holds all title, interest and ownership in the '339 Patent;

B. An order rescinding and/or voiding the 2011 Agreement;

C. An order rescinding and/or voiding the 2013 Agreement;

D. A declaration that Chang has not infringed the '339 Patent;

E. An award of damages and costs together with interest;

F. An order finding this case to be exceptional and awarding plaintiff costs, attorney fees and enhanced damages pursuant to 35 U.S.C. 285 and/or other applicable statutes;

G. Such other relief as this court deems appropriate.

Date: January 21, 2015

Respectfully submitted,

By: *Alison R. Dudick*

Kao Lu (PA ID No. 83816)
Alison R. Dudick (PA ID No. 80305)
Ryder, Lu, Mazzeo & Konieczny, LLC
1425 E. Darby Road
Haverford, PA 19083
Tel: 610-446-2563
Fax: 610-446-8841
Email: klu@ryderlu.com